**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------x----------------------------

MALIEK LATHAM                                              :

          Plaintiff                                  :

                                      :

                                      :         **Docket** No.:

          -against-                                  :

                                      :

                                      :         **COMPLAINT**

THE CITY OF NEW YORK,                                     :

NEW YORK CITY POLICE DEPARTMENT,       :

POLICE OFFICERS (P.O.) "JANE DOE"            :

AND "JOHN DOE"                                            :         **PLAINTIFF DEMANDS**

                                      :         **JURY TRIAL**

1'through'10 inclusive,                                   :

the names of the last defendants                      :

being fictitious, the true names                        :

of the defendants being unknown                     :

to the plaintiff.                                             :

              Defendants                             :

----------------------------------------x----------------------------

Plaintiff, MALIEK LATHAM, complaining of the defendants, The City of New York, The New York City Police Department, Police Officers (P.O.) "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the Plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent emotional

injuries sustained by the plaintiff, as a result of the negligence of the Defendants, perpetrated while said Defendants Police Officers were in the process of illegally and unlawfully arresting and malicious prosecuting Plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned Federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's Federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff MALIEK LATHAN resides in Queens County, and is a resident of the State of New York. Plaintiff is Black American Citizen.

7. That upon information and belief, Defendant, POLICE DEPARTMENT is an agency of the City of New York and employs the Police Officers herein.

8. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

9. Defendants "John Doe" and "Jane Doe" 1'through'8 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about February 1, 2012 at approximately 6:00 AM, ten (10) police officers employed with the New York City Police Department, without warrant, probable cause and/or justification, woke plaintiff and arrested the plaintiff at his home at 1398 Dickens Street, Far Rockaway, New York 11691, located in the County of Queens and the Police Officers had their guns drawn out and demanded that Plaintiff come with them and that Plaintiff had been involved in a crime. At some other time I was awaken with guns pointed at me and Police Officers yelling at me not to move as a feared for my life being a black man.

12. Prior to the arrest, Defendants Officers stormed into the Plaintiff's home without any warrant and proceeded to perform a warrantless search of the Plaintiff's home without his consent.

13. Even though Defendants Officers did not recover any contraband from their warrantless search of the Plaintiff's home, Defendants Officers nonetheless tightly handcuffed Plaintiff and transported him to NYPD -101 Precinct for arrest processing, eventhough they claimed to come from 113 Precinct. A total of about ten officers searched my home for weapons, of which was none was found. The Officers falsely accused me of arson and attempted murder

14. Prior to and after effecting the illegal arrest against the Plaintiff, Plaintiff informed the Police Officers that Plaintiff was not the suspect they sought and there was no cause to take him into custody. Thereafter Defendant and their Agents pushed the plaintiff against the wall asserting unnecessary and excessive force and then placed handcuffs on the Plaintiffs excessively tight. Thereafter, they transported plaintiff first to the police Precinct where he was booked.

15. The Defendant Officers forcefully placed Plaintiff in a police vehicle. The Defendant Officers transported Plaintiff to the 101 Police Precinct Station House and detained/imprisoned him therein. Plaintiff remained handcuffed and imprisoned inside of the police precinct from February 1, 2012 to February 7, 2012. After the Grand Jury failed to indict Plaintiff, he was remanded on the same charges and given a later Court date. When Plaintiff appeared for the next Court date he was then imprisoned at Riker's Island High Classification House for about Fourteen (14) months. The false allegations and charges were eventually dismissed.

16.     That even though the Defendants Police Officers knew should have known based on the facts that no crime had been committed, they still proceeded to arrest Plaintiff, charged him just to intimidate Plaintiff, further aggravating plaintiff's injuries.

17. That at no time during the arrest was Plaintiff read his Miranda rights.

18. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the Plaintiff commit any illegal acts, or engage in any conduct which in any way justified the profiling and unlawful actions of the police.

19. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continued to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

20. The unlawful arrest of Plaintiff, Plaintiff's wrongful imprisonment because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. The Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against Plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

22. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of the attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police relives the anguish and fear, and suffers various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

24. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

25. As a direct and proximate result of defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

26. That each and every Officer/Detective and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search was illegal and that the Plaintiff did not commit any crime or offence, and had a realistic opportunity to intervene to prevent the harm detailed above

**Page 5**

from occurring.

27. Nonetheless, Defendants Officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

28. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing Police Officers including Defendants in this case, to engage in unlawful conduct.

29. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

30. The actions of Defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

31. By these actions, Defendants have deprived Plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

32. As a result of the aforesaid actions by Defendants Officers, Plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, and loss of rights to familial association, damage to reputation, pain and suffering.

33. There was no shred of evidence against Plaintiff but they continued to prosecute him and

God's so kind they failed. The Prosecutor asked at the jury selection if they can convict without evidence and the lady that answered no was immediately told to leave by the Prosecutor. At the discovery hearing, and on trial as the record will reflect, the lead officer who put the team together testified that despite being in the neighborhood every day that he never saw me commit a crime, or deal in drugs. The undercover cop that falsely identify me as the one that sold he the drugs had three hundred arrest of which two hundred were thrown out. None of the evidence that the D.A, said she had against me, was ever presented, i.e., Phone records, ghost (other Under-covers), or individuals, to support taking me to trial. Being

The criteria for being place on the list of individuals to be monitored and pursued, was by the lead Investigators own testimony was the person had either have had major drug arrest or weapons arrest and of which I had neither.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 – False Arrest/Imprisonment

34. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

35. The Defendants wrongfully and illegally arrested Plaintiff and/or failed to intervene to prevent Plaintiff's wrongful arrest, and falsely charged Plaintiff with Six Counts of Felony Sale of Narcotics and Possession of Gun which charges were all dismissed by the Jury after a criminal trial.

36. The wrongful, unjustifiable and unlawfully apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion or warrant in his home.

37. At all relevant times, the Police Officers Defendants acted forcibly in apprehending and arresting Plaintiff.

38. The Officer Defendants intended to confine Plaintiff and/or failed to intervene to prevent the

confinement of Plaintiff, the Officer Defendants, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to confinement and the confinement was not otherwise privileged.

39. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

40. The Officers Defendants were at all times agents, servants, and employees acting within the scope of their employment by the New York Police Department (NYPD) and Defendant City. Defendant City is therefore responsible for their conduct under the respondent superior.

41. The conduct of Defendants Officers, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to fair trial, denial of due process rights and malicious prosecution.

42. Such conduct described herein violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

43. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

44. By detaining and imprisoning Allen Brown without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights

guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

45. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 - Malicious Prosecution**

47. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

48. The Defendants maliciously commenced criminal proceedings against plaintiff.

49. The Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

50. After proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor after Grand Jury failed to indict Plaintiff.

51. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution

52. As a direct and proximate result of the misconduct and abuse of authority detailed above.

**Page 9**

Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

53. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

54. In an effort to find fault to use against Plaintiff, Defendants Officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendment to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

55. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprived Plaintiff of his constitutional and Federal rights in violation of 42 U.S.C. § 1985.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages hereinbefore stated.

### FOURTH CAUSE OF ACTION: 42 U.S.C. § Municipal Liability - Failure to Train/Supervise/Discipline and Municipal Policy:

57. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

58. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

59. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or

usages may be inferred from repeated occurrences of similar wrongful conduct.

60. Upon information and belief, many of the named individual Defendants have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the named individual Defendants are named Defendants in numerous lawsuits in this district and in the Eastern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by Defendant City of New York with said Defendant making substantial monetary payments to the plaintiffs in the said lawsuits.

61. In addition to the named individual Defendants, several officers of the NYPD assigned to the NYPD-101 Precinct -- as the named individual Defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

62. Most of the arrests and charges made by Officers assigned to the NYPD-101 Precinct are usually voided and/or dismissed by Courts/Juries for lack of evidence.

63. Defendant City of New York has settled or lost numerous lawsuits brought some of which are to wit: *See, e.g.*, *Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Nicholls Olwyn v. City of New York* (08 CV 2098). The other examples of similar lawsuits filed against the CITY OF NEW YORK alleging false arrest and malicious prosecution, see, inter alia: Nicole Paultre Bell, et al. v. The City of New York, et al., Case No. CV07 2994; Dexter M. Brown v. City of NY, Case No. 7003/99; Jerell Chappell v. The City of New York, Case No. 544/06; Margarita Rosario v. City N.Y., Case No. 25092/95; John Holloway v. City of NY, Case No. 12525/03; Malcolm Ferguson v. City N.Y., Case No. 18951/01; Phyllis V. Clayburne v. City of New York, Case No. 32987/04; Salimata Sanfo v. New

York City Police Department, Case No. 1760cv04; Michael Zito v. City of New York, Case No. 14732/99; Raymond B. Murray v. City of New York, Case No. 13644/96; Franklyn Waldron v. City of NY, Case No. 25179/00; Campos Vs. City of New York, Index No. 108667-96; Regina Garcia, Michael O'Keefe, et al., Case No. 116492/93; Darryl Barnes v. City of New York, Case No. 23752/91; Thomas Cusanelli  v. New York City Transit Authority, Case No. 121242/95; Christopher Nevin v. City of New York, Case No. 17962/92; Jason Rodriguez v. City of New York,  Case No. 17422/96; Hector and Angelo Garcia v. City of New York, Case No. 14647/92; Alberto Castro v. City of New York, Case No. 119140/93; Darryl Barnes v. City of New York, Case No. 23752/91; Argenio vs. City of New York, et al., Index No. 117269/94; Elsie Diaz v. City of New York, Case No. 17731/85; Regina Argenio v. City of New York, Case No. 117269/94; Bastion vs. City of New York,  Index No. 013735/90; Beebe Vs. City of New York, Index No. 3248/92; Papa v. City of New York, No. 15695/86, James Crockett v. City of New York, 11-CV-4378, to name just a few cases.

64. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, Defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of Plaintiffs' injuries as described herein.

65. The actions of Defendants, acting under color of State law, deprived Plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

66. By these actions, Defendants have deprived Plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

67. In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

68. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained damages

**WHEREFORE, P**laintiff respectfully requests judgment against the Defendants as follows:

1. Compensatory damages in an amount to be determined by the Judge or Jury;

2. Punitive damages against the individual defendants in the amount to be determined by the Judge or Jury;

3. Reasonable attorney's fees and costs under 42 U.S.C. § 1988;

4. Injunctive Relief; and

5. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: January May 26, 2015
       Queens, New York

Respectfully Submitted

/s/ Osita E. Okocha

By:    OSITA EMMANUEL OKOCHA, ESQ.

LAW OFFICES OF OSITA OKOCHA, P.C.
88-14 Sutphin Blvd, 2nd Floor
Jamaica, New York 11435
Tel. No.: (718) 297-1450
Tel: (212) 709-8143
E-mail: Lawossy@aol.com
Attorney for Plaintiff

## **VERIFICATION**

**State of New York**   )
                             **ss:**
**County of Queens**    )

MALIEK LATHAM, being duly sworn, deposes and says that I am the Plaintiff in the within action and that I have read the foregoing COMPLAINT and knows the contents thereof; the same is true to the best of my knowledge except as to those matter stated to be upon information and belief and as to those matters I believe them to be true.

_____
MALIEK LATHAM

Sworn to before me this
26 day of May , 20 15

_____
Notary Public