**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------x----------------------------

| | |
|---|---|
| MALIEK LATHAM | : |
| | : |
| Plaintiff | : |
| | : |
| | **: Docket** No.: 15-CV-03317 (ARR) (CLP) |
| -against- | : |
| | : |
| | : |
| | : **AMENDED COMPLAINT** |
| THE CITY OF NEW YORK, | : |
| POLICE OFFICERS (P.O.) "JANE DOE" | : |
| AND "JOHN DOE" | : **PLAINTIFF DEMANDS** |
| | : **JURY TRIAL** |
| 1'through'10 inclusive, | : |
| the names of the last defendants | : |
| being fictitious, the true names | : |
| of the defendants being unknown | : |
| to the plaintiff. | : |
| Defendants | : |

------------------------------------x----------------------------

Plaintiff, MALIEK LATHAM, complaining of the defendants, The City of New York, and Police Officers (P.O.) "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1. This is a Civil Rights action at law to redress the deprivation of rights secured to the Plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

2. This is an action to further seek compensation for the serious and permanent emotional injuries sustained by the plaintiff, as a result of the negligence of the Defendants, perpetrated

while said Defendants Police Officers and the City of New York were in the process of illegally and unlawfully restraining his liberty for about fourteen months and malicious prosecuting Plaintiff. Plaintiff seeks compensatory and punitive damages, injunctive relief and declaratory relief, and such other relief as this Court deems equitable and just

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned Federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's Federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws. Plaintiff claims declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff MALIEK LATHAN is African American Male and resides in Queens County, and is a resident of the State of New York. Plaintiff is Black American Citizen.

7. That upon information and belief, Defendant, POLICE Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants "John Doe" and "Jane Doe" 1'through'8 are unknown police officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. That on or about February 1, 2012 at approximately 6:00 AM, ten (10) police officers employed with the New York City Police Department, without warrant, probable cause and/or justification, woke plaintiff and arrested the plaintiff at his home at 1398 Dickens Street, Far Rockaway, New York 11691, located in the County of Queens and the Police Officers had their guns drawn out and demanded that Plaintiff come with them and that Plaintiff had been involved in a crime.  At some other time I was awaken with guns pointed at me and Police Officers yelling at me not to move as a feared for my life being a black man.

11. Prior to and after effecting the illegal arrest and restrain of the Plaintiff's liberty, Plaintiff informed the Police Officers that Plaintiff was not the suspect they sought and there was no cause to take him into custody.  Thereafter Defendant and their Agents pushed the plaintiff against the wall asserting unnecessary and excessive force and then placed handcuffs on the Plaintiffs excessively tight.  Thereafter, they transported plaintiff first to the police Precinct where he was booked.

12. The Defendant Officers forcefully placed Plaintiff in a police vehicle. The Defendant

Officers transported Plaintiff to the Police Precinct Station House and detained/imprisoned and restrained his liberty. Plaintiff remained handcuffed and imprisoned inside of the police precinct from February 1, 2012 to February 7, 2012. After the Grand Jury failed to indict Plaintiff, he was remanded on the same charges and given a later Court date even though after a named Jason/Jayseen Carbowie confessed to those crimes, yet Plaintiff's liberty was still restrained. Plaintiff appeared for the next Court date he was then imprisoned at Riker's Island High Classification House for about Fourteen (14) months. The false allegations and charges were eventually dismissed.

13.    That even though the Defendants Police Officers knew should have known based on the facts that Plaintiff committed no crime, they still proceeded to detain, restrain his liberty and charged him with a crime he did not commit, without probable cause. The Defendants knew that Plaintiff did not commit any crime or should have known and upon that they proceeded to coarse him into confession with the attempt of incriminating him. They charged him just to intimidate Plaintiff, further aggravating plaintiff's injuries.

14. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.  At no time did the Plaintiff commit any illegal acts, or engage in any conduct which in any way justified the profiling and unlawful actions of the police.

15. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continued to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

16. The unlawful restrain of Plaintiff's liberty which he suffered as a result, the Defendants proceeded to prosecute him with insufficient and unreliable evidence.

17. The Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against Plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

18. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

19. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of the attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police relives the anguish and fear, and suffers various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

20. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

21. As a direct and proximate result of defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

22. That each and every Officer/Detective and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search was illegal and that the Plaintiff did not commit any crime or offence, and that there was no probable cause to charge and prosecute him. They had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

23. Nonetheless, Defendants Officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing Police Officers including Defendants in this case, to engage in unlawful conduct.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

26. The actions of Defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

27. By these actions, Defendants have deprived Plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

28. As a result of the aforesaid actions by Defendants Officers, Plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, and loss of rights to familial association, damage to reputation, pain and suffering.

29. The Plaintiff was brought up on Eleven Criminal Charges that included Arson and Attempted Murder and Plaintiff believed that the Grand Jury refused to indict me. Plaintiff believes that the false charges were eventually dismissed on or about July 22, 2013. Plaintiff liberty was restraint and he spent a total of Fourteen months in Jail at Rikers Island. The Plaintiff was eventually told

that another person, Jayseen Carbowie confessed to the false crime he was charged

30.  The Plaintiffs were each required to appear in court on more than several occasions related to the false criminal charges against them. Plaintiff incurred legal and other expenses as a result of these wrongful arrest and prosecutions.

31.  At all times herein, the individual Defendants had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, charge and detain Plaintiffs. Their actions were based on malice and bad faith and were supported by any reasonable ground.

32. The conduct of the individual Defendants in restraining Plaintiff's liberty, arresting, striking, threatening and prosecuting the Plaintiff proximately caused physical, emotional and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment  and deprivation of their constitutional rights.  Plaintiffs suffered the trauma, debasement and humiliation as a result of being publicly arrested without any cause, and assaulted, unlawfully imprisoned and maliciously prosecuted.

33.  At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to the Plaintiffs' rights and physical and mental well-being by arresting, imprisoning and prosecuting Plaintiffs.

34.  The actions of the individual Defendants, as set forth herein, were the result of the failure of the City of New York Police Department's failure to properly train, supervise and discipline its officers, including Defendants Police Officers, Jane Does and John Does. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant City of New York and its NYPD.

35.   These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the individual Defendants. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of his rights.

36.   Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

37.   The constitutional abuses and violations by Defendant City of New York, through the actions of its NYPD and Defendant Does ## 1 and 10, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, instead, acts of misconduct were tolerated by the City of New York.

38.   Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

39. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiffs of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiffs.  As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

40. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

Plaintiff alleges defendant THE CITY OF NEW YORK is well aware that prosecutorial misconduct is serious problem within the New York County District Attorney's Office but does nothing to curtail these practices.

41. Plaintiff alleges defendant THE CITY OF NEW YORK rarely if ever disciplines any employees working with the New York County District Attorney's Office for intentional 'Brady' violations and other forms of prosecutorial misconduct.

42.  Plaintiff alleges that defendant THE CITY OF NEW YORK does not have specific training or supervision protocols in place to ensure African American and Hispanic Males constitutional rights are protected from malicious prosecutions and other forms of prosecutorial misconduct in the New York County District Attorney's Office.

43. Plaintiff alleges the defendant THE CITY OF NEW YORK does not have specific training or supervision protocols in place to ensure Caucasian Males are not receiving more favorable

treatment and protected from malicious prosecutions and other forms of prosecutorial misconduct in the New York County District Attorney's Office. The Defendants uses unreliable evidence, leading to more declined prosecutions or dismissals than similarly situated African-American or Hispanic Males in the New York County District Attorney's o f f i c e .

44.  Plaintiff alleges on or about August 23, 201 I, defendant-The City of New York improperly declined prosecution in the alleged Rape in the First Degree case filed against Dominique Strauss-Kahn (Caucasian Male), the Former Ministry of Economy, Industry and Employment of France and Former Managing Director of the International Monetary Fund because of Nafissatou Diallo's "credibility" problems. Plaintiff alleges defendant NYC declined prosecution against Dominique Strauss-Kahn because he is a privileged Caucasian Male with political power accused of Rape in the First Degree by an African female service employee without privilege and political power.

That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search was illegal and that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

45.  Nonetheless, defendant-City of New York and its officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene. As a result of the aforesaid actions by defendant officers, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

**FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments - Malicious Prosecution**

46. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

47. The Defendants maliciously commenced criminal proceedings against plaintiff. By their conduct described herein, and acting under color of State Law, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendment to the United States Constitution.

48. The Defendants brought these false charges and with malice and in bad faith, and without probable cause. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, restrain of his liberty and yet Defendants continued with the prosecution, which case was later dismissed and resolved in Plaintiff's favor.

49. After proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor and Plaintiff believes after the Grand Jury failed to indict Plaintiff.

50.    The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution

51. As a direct and proximate result of the misconduct and abuse of authority detailed above.

Plaintiff sustained the damages hereinbefore alleged. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

52.  The Defendants, CITY OF NEW YORK and its Police Officers and the District Attorney's Office, acting under color of law, collectively and each one of them individually, have engaged in actions and abuses which violated and denied Plaintiff his rights as provided under the Fourteenth Amendment, Fourth Amendment, and Sixth Amendment of the United States Constitution, violating his Fourteenth Amendment rights to due process as well as his substantive due process right to bodily integrity, right against unreasonable search and seizure, and right to property.

53. Defendants subjected Plaintiff to false criminal arrest, restrain of liberty and/or unlawful imprisonment in violation of 42 USC § 1983. At all times, Plaintiff was placed under arrest and falsely charged with Arson and Attempted Murder knowing that they had information (and evidence) immediately accessible to them that would have negated probable cause of criminal wrongdoing against Plaintiff. Defendant intentionally turned a blind-eye to this available exculpatory evidence and arrested Plaintiff without warrant or cause.

54.  The Defendants subjected Plaintiff to malicious criminal prosecution and abuse of process in violation of 42 USC § 1983. At all times, Defendants were aware of the existence of evidence that proved that Plaintiff did not commit the crime he was charged.

55.  Defendants, collectively and individually, were motivated by their own personal interests with respect to their individual efforts against Plaintiff. Collectively, the individual Defendants' actions were contrary to the Defendant CITY's stated policies, procedures, rules and

regulations. Each of the Defendants condoned the wrongful, grossly negligent, reckless, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, careless and intentional acts but instead furthered and condoned said wrongful acts. Collective Defendants - acting under color of law - were each aware that their actions would cause causing serious problems to Plaintiff's personal and professional well-being. Yet the Defendants did nothing to cease their wrongful practices against Plaintiff. As a direct result of the combined actions of Collective Defendants with regard to

56.  Plaintiff, Plaintiff sustained and continues to sustain damages/injuries, including but not limited to loss of driving privileges, humiliation, loss of liberty, stigmatization, lost pay and benefits, lost union responsibilities, unnecessary inpatient treatment, labeling as a criminal Defendant, diminished quality of life, incidental fees/damages, loss of pay, loss benefits, special damages, economic damages, impound costs/fees, attorney's fees/costs, property damage, damage to his vehicle, and other damages/injuries.

57.  As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION: CONSPIRACY 42 U.S.C. § 1985

### Conspiracy

58. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

59. In an effort to find fault to use against Plaintiff, Defendants Officers conspired among themselves and conspired with other individuals to deprive plaintiffs of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendment to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps

in furtherance of such conspiracy, as set forth above.

60. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprived Plaintiff of his constitutional and Federal rights in violation of 42 U.S.C. § 1985.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages hereinbefore stated.

62. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

63. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

64. By their conduct, as described herein, Defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

65. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

66. In light of the foregoing therefore, defendant officers engaged in a conspiracy

designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

67.  As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**THIRD CAUSE OF ACTION: 42 U.S.C. § 1983 - Municipal Liability - Failure to Train/Supervise/Discipline and Municipal Policy:**

68. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

69. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

70.  Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

71. Upon information and belief, many of the Police Officers to be named have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the Defendants in numerous lawsuits in this district and in the Eastern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by Defendant City of New York with said Defendant making substantial monetary payments to the plaintiffs in the said lawsuits.

72. In addition to the named individual Defendants, several officers of the NYPD assigned to the NYPD - Police Precincts – The Defendants routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

73. Most of the arrests and charges made by Officers assigned to the NYPD-101 Precinct are usually voided and/or dismissed by Courts/Juries for lack of evidence.

74. The Defendant City of New York has settled or lost numerous lawsuits brought some of which are to wit: *See*, *e.g.*, *Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Nicholls Olwyn v. City of New York* (08 CV 2098). The other examples of similar lawsuits filed against the CITY OF NEW YORK alleging false arrest and malicious prosecution, see, inter alia: Nicole Paultre Bell, et al. v. The City of New York, et al., Case No. CV07 2994;   Dexter M. Brown v. City of NY, Case No. 7003/99; Jerell Chappell v. The City of New York, Case No. 544/06; Margarita Rosario  v. City N.Y., Case No. 25092/95; John Holloway v. City of NY, Case No. 12525/03; Malcolm Ferguson v. City N.Y., Case No. 18951/01; Phyllis V. Clayburne v. City of New York, Case No. 32987/04; Salimata Sanfo v. New York City Police Department, Case No. 1760cv04; Michael Zito v. City of New York, Case No. 14732/99; Raymond B. Murray v. City of New York, Case No. 13644/96; Franklyn Waldron v. City of NY, Case No. 25179/00; Campos Vs. City of New York, Index No. 108667-96; Regina Garcia, Michael O'Keefe, et al., Case No. 116492/93; Darryl Barnes v. City of New York, Case No. 23752/91; Thomas Cusanelli   v. New York City Transit Authority, Case No. 121242/95; Christopher Nevin v. City of New York, Case No. 17962/92; Jason Rodriguez v. City of New York,  Case No. 17422/96; Hector and Angelo Garcia v. City of New York, Case No. 14647/92; Alberto Castro v. City of New York, Case No. 119140/93; Darryl Barnes v. City of New York,

Case No. 23752/91; Argenio vs. City of New York, et al., Index No. 117269/94; Elsie Diaz v. City of New York, Case No. 17731/85; Regina Argenio v. City of New York, Case No. 117269/94; Bastion vs. City of New York,  Index No. 013735/90; Beebe Vs. City of New York, Index No. 3248/92; Papa v. City of New York, No. 15695/86, James Crockett v. City of New York, 11-CV-4378, to name just a few cases.

75.  Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, Defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of Plaintiffs' injuries as described herein.

76. The actions of Defendants, acting under color of State law, deprived Plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

77. By these actions, Defendants have deprived Plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

78. In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

79. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

80. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained damages

81. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

82. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

83. Upon information and belief, many of the defendants-Police Officers have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the named individual defendants are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by defendant City of New York with said defendant making substantial monetary payments to the plaintiffs in the said lawsuits

84. In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD - Precinct -- as the named individual defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

85. Most of the arrests and charges made by officers assigned to the NYPD - Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

86. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-79th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Nicholls Olwyn v. City of New York* (08 CV 2098).

87. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

88. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

89. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

90. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff,

the Defendants acted unreasonably, recklessly, and grossly negligent in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations. Said rights guaranteed to the plaintiff by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

91.   The Municipal Defendant CITY OF NEW YORK, which governs, controls, operates, manages, supervises, and created the NEW YORK CITY POLICE DEPARTMENT has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses, false arrest, false imprisonment, false prosecutions of persons by its police officers, detectives, and law enforcement agents.

92.   Although such police conduct are improper, said incidents are routinely covered up by the CITY OF NEW YORK, its agents, employees and servants by official claims that the officers' use of excessive force, harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials.

93.   Said charges and official claims have been fully backed by the CITY OF NEW YORK  and the   NEW   YORK   CITY   POLICE   DEPARTMENT,   which   has   repeatedly   and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers, including Plaintiffs herein.

Defendant CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT has repeatedly and continuously engaged in and/or allowed is police officers to knowingly and willingly file false reports, false criminal complaints, false criminal allegations, and false charges against innocent individuals such as Plaintiff  - with immunity.

94.   Upon information and belief, Defendants routinely made false statements of criminal wrongdoing against others - including Plaintiff. Municipal Defendant CITY OF NEW YORK is aware of the fact that its police officers routinely and regularly makes false statements of criminal wrongdoing against innocent persons.

95.  Municipal Defendant CITY OF NEW YORK is aware that its police officers continue in their pattern and practice of making such false statements against innocent persons because said employees are routinely allowed to do so and will receive full protection, immunity, and indemnity from the CITY.

96.  Municipal Defendant CITY OF NEW YORK is aware that further training, supervision, and/or discipline of its officers would correct the ongoing problem, but intentionally fails to adhere to, or implement, any such training or supervision policy and seldom investigates or disciplines officers implicated in such malicious acts against individuals.

97.   Upon information and belief, Defendant CITY OF NEW YORK and the New York City Police Department knew and/or should have known, that Defendants' made false statements of criminal wrongdoing against others - including Plaintiff - while acting within his official duties and under color of law as a police officer with the New York City Police Department.

98.  Upon information and belief, despite their knowledge of Defendant's history, the Defendant CITY OF NEW YORK and the New York City Police Department failed to discipline, supervise, train, and/or retrain Defendants with respect to his continued wrongful conduct.

99.  As a direct result of the CITY OF NEW YORK's and the NEW YORK CITY POLICE DEPARTMENT's policy, practice of allowing it Police officers, such as Defendant Officers herein to make false criminal complaints against innocent individuals, the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT has been subjected to many federal and state

Complaints and lawsuits alleging that Police officers subject civilians to unlawful excessive force and then routinely file false reports against innocent persons in violation of section 1983.

100.  Additionally, the CITY OF NEW YORK has systematically failed to identify

the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint. The CITY's continual refusal to train, supervise, instruct, discipline, and assure that the repeated abuses of it police officers (including writing true and accurate reports, perjury, falsely charging individuals, establishing probable cause, and proper arrest procedures) was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by the public at large (including Plaintiff herein).   As a direct result its police officers continually write false reports, perjure themselves, falsely charge innocent persons and/or trump-up charges, and arrest without probable cause.

101.  Upon information and belief, specific systemic flaws in the CITY OF NEW YORK'S supervision of its law enforcement agents and subsequent misconduct review process include but are not limited to the following:

a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

b. Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

**Page 22**

e.  Failing to reprimand, retrain, supervise, counsel, demote, suspend, terminate, and/or hold accountable it police officers accused of excessive force

f.  hastily accepting the polices' above- as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

g. advising its law enforcement officers to level criminal charges against persons involved, no matter if said charges are justified, in order to force said civilian to engage in plea negotiations and/or plea offers which would effectively prevent false arrest and malicious prosecution charges from going forward against the City Of New York and allowing said false criminal charges to continue despite overwhelming evidence that the criminal charges lack basis;

102.  Said cover-up by the defendant, CITY OF NEW YORK, was executed in this case, where the Defendant CITY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of the allegations and instead acted under color of statute to knowingly, recklessly and/or  negligently impose false criminal charges upon the Plaintiff.

103.  By permitting and assisting such a pattern of police misconduct, the Defendant, CITY OF NEW YORK acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights. Plaintiff alleges mishandling those situations  will frequently cause the deprivation of a citizen's constitutional rights. Plaintiff alleges  because defendant THE CITY OF NEW YORK'S  failure to train its employees he sustained constitutional injuries.

104.  As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom(s) and physically harmed, to the extent of which he suffered from loss, privileges, humiliation, loss of liberty, stigmatization, labeling as a criminal Defendant, diminished quality of life, incidental fees/damages, loss of pay, loss benefits, special damages, economic damages, impound costs/fees, attorney's fees/costs, property damage, damage and other

damages/injuries.

**WHEREFORE, P**laintiff respectfully requests judgment against the Defendants as follows:

1. Compensatory damages in an amount to be determined by the Judge or Jury;

2. Punitive damages against the individual defendants in the amount to be determined by the Judge or Jury;

3. Reasonable attorney's fees and costs under 42 U.S.C. § 1988;

4. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Plaintiffs' rights under the New York State Constitution and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

5. A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to the Plaintiffs all such records and expunge or delete all such information from their records;

6. An injunction enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein;

7. Award Plaintiffs compensatory damages against the Defendants, including, but not limited to any emotional distress, re-compensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

8. Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and,

9. Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: June 18, 2016

Queens, New York

Respectfully Submitted

/s/ Osita E. Okocha

By:    OSITA EMMANUEL OKOCHA, ESQ.

LAW OFFICES OF OSITA OKOCHA, P.C.
88-14 Sutphin Blvd, 2nd Floor
Jamaica, New York 11435
Tel. No.: (718) 297-1450
Tel: (212) 709-8143
E-mail: Lawossy@aol.com
 Attorney for Plaintiff